An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: I.G.C., A MINOR.

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; AND CLARK
COUNTY DISTRICT ATTORNEY'S
OFFICE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE FRANK P.
SULLIVAN, DISTRICT JUDGE,
Respondents,
and
MARITES C.; AND TRAVIS C.,
Real Parties in Interest.

No. 68329

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## A WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a juvenile court order allowing real party in interest Travis C. to reside with the minor child. Having considered the parties' arguments and the documents provided to this court, we conclude that petitioners have not met their burden of demonstrating that our intervention by extraordinary writ relief is warranted. NRS 34.160; NRS 34.320; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

The underlying dependency case has been monitored by the juvenile court for almost six years. The juvenile court considered the parties' arguments and entered a thorough order. The court found that real party in interest Marites C. "has satisfactorily demonstrated . . . that she has the protective capacity necessary to keep [I.G.C.] safe" and "that

15-29244

considering the fragile medical condition of [I.G.C.] in that he is unable to communicate, is legally blind and deaf, and suffers from cerebral palsy, it is hard to imagine that [Travis C.] would further injure his son." Thus, the court found that "the best interest of [I.G.C.] will be promoted by allowing [Travis C.] to return to the home to assist [Marites C.] in caring for him, with a Safety Plan in effect that will require [Marites C.], or another responsible adult like the maternal great aunt, to supervise [Travis C.]'s contact with [I.G.C.] at all times." The court further scheduled this matter for a status check in three months so that petitioner Clark County Department of Family Services can monitor the situation and perform random checks. It is not our place to substitute our judgment for that of the juvenile court as to factual findings, and in light of the juvenile court's findings, we cannot conclude that the juvenile court's order rose to the level of an arbitrary or capricious exercise of discretion. *Int'l Game Tech. Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Pan*, 120 Nev. at 228, 88 P.3d at 844. We also conclude that the juvenile court did not exceed its jurisdiction by entering the order. NRS 34.320. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                              Cherry

---

[1]In light of this order, we vacate our July 10, 2015, temporary stay.

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Clark County District Attorney/Juvenile Division
Aaron Grigsby
Special Public Defender
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A